IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM LOOR<br><br>                    Plaintiff,<br>vs.<br><br>ELDON SCARLETT, POSTAL FLEET SERVICE, INC. AND JOHN DOES 1-5 AND JOHN DOE COMPANIES 6-10.<br><br>                    Defendant | **DOCKET NO.:** |

## COMPLAINT

Plaintiff, William Loor, residing at 523 William Street, Trenton, NJ 08611, by way of Complaint against the Defendants, says:

1. Upon information and belief and at all times relevant herein, the Defendant, Eldon Scarlett, was an adult individual residing at 971 Jerome Street, Brooklyn, NY 11207.

2. Upon information and belief and at all times relevant herein, the Defendant, Postal Fleet Service, Inc., is a corporation located at 2808 North Fifth Street, Saint Augustine, Florida 32084

3. Upon information and belief, defendants, John Does 1-5, are adult individuals, whose identities are unknown, and were the owners and/or operators of a rental truck that caused an accident on June 14, 2020, with plaintiff's vehicle and who was/were working within the course and scope of their employment with the defendants.

4. Upon information and belief, defendants, John Doe Companies 6-10, are companies, corporations or other forms of business, whose identities are unknown, and were the owners and/or lessors of a rental truck that caused an accident on June 14, 2020, with plaintiff's vehicle and who was/were the employer and or employed the defendants who were working within the course and scope of their employment when they were operating the rental truck and at the time of the accident with plaintiff's vehicle.

5. Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that the Plaintiff is a citizen of New Jersey and defendant, Eldon Scarlett is a resident of Brooklyn, New York, and Postal Fleet Service, Inc, is a Florida Corporation. It is further believed that the John Doe defendants are not residents of the State of New Jersey.

6. Venue is based upon 28 U.S.C. Section 1391(d), as the location where the accident occurred, East Windsor, New Jersey, is located within the judicial district of this court.

7. The Plaintiff's damages exceed the minimum jurisdictional amount required ($75,000) and do not exceed the arbitration limit ($150,000), and a jury trial is demanded.

## COUNT I

8. Plaintiff incorporates the allegations contained in the previous Count of this Complaint as though set forth at length herein.

9. On June 14, 2020, William Loor was operating his vehicle south on the New Jersey Turnpike in East Windsor, Middlesex County, New Jersey. Mr. Loor experience mechanical problems with his vehicle and pulled completely onto the shoulder of the roadway.

10. While Mr. Loor's vehicle was pulled over on the shoulder of the roadway, a truck being operated by Eldon Scarlett, and/or John Does 1-5, in the course and scope of his/their employment with Postal Fleet Service, Inc., and/or John Doe Companies 6-10, struck Mr. Loor's vehicle.

11. As a result of the aforementioned accident, plaintiff, William Loor, was injured.

12. Plaintiff's injuries were caused by the negligence and carelessness of the defendants.

13. Defendants were negligent in the operation of the aforesaid vehicle in that he/they entered onto the roadway from a ramp and failed to notice a stopped vehicle that was completely on the shoulder of the road; traveled partially on the shoulder of the road thereby striking plaintiff's vehicle; failed to stop prior to striking plaintiff's vehicle; failed to yield the right-of-way to other vehicles in the roadway; failed to make proper observations, failed to maintain control of their vehicle, failed to have due regard for the point and position of other vehicles on the roadways, violated the statues of the State of New Jersey and local ordinances, failed to exercise due care under the circumstances and was otherwise inattentive and carless, which negligence caused a collision with the Plaintiff's vehicle.

14. Defendants, Postal Fleet Services, Inc., and/or John Doe Companies 6-10, were negligent in entrusting their vehicle to Eldon Scarlett and/or John Does 1-5, and for failing to properly train the defendant(s) operating the vehicle in the proper operation of a vehicle.

15. Defendant, Postal Fleet Service, Inc., and/or John Doe Companies 6-10, are vicariously liable for the negligence of defendant(s), Eldon Scarlett and/or John Does 1-5 as he/they was/were acting as an agent, servant, employee, workman within the course and scope of employment and/or agency.

16. As a direct and proximate result of the aforesaid negligence, the Plaintiff was thrown about violently inside his vehicle, causing Plaintiff to sustain injuries to his body, including injuries to his neck and low back for which he had to undergo treatment, including pain management.

17. As a direct and proximate result of the aforesaid negligence, the Plaintiff incurred medical bills for his treatment, which bills, for which there may be a statutory lien, for which defendants are liable.

18. As a direct and proximate result of the aforesaid negligence, the Plaintiff's vehicle was totaled. Plaintiff incurred a total loss of the value of his vehicle, for which defendants are liable.

19. Due to the negligence of the defendants, the Plaintiff has suffered and may continue to suffer great physical pain and mental anguish; has suffered and may continue to suffer loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure the Plaintiff of the aforesaid injuries.

**WHEREFORE**, Plaintiff, William Loor, demands judgment against the Defendants for compensatory damages, together with interest and costs of suit.

Law Offices Of
**KAMENSKY COHEN & RIECHELSON**

*Kevin Riechelson*

BY: KEVIN RIECHELSON,
NJ I.D. # 021391990
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585
(609) 394-8620
Kriechelson@kcrlawfirm.com
Attorneys for Plaintiff
